IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JERRY ALLEN FRENCH | ) | |
| | ) | |
| v. | ) | NO. 3:07-0206 |
| | ) | |
| SHERIFF JOHN HOLDER, et al. | ) | |

TO: Honorable Robert L. Echols, Senior District Judge

### REPORT AND RECOMMENDATION

By order entered February 21, 2007 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Plaintiff filed this action pro se and in forma pauperis while an inmate at the Cheatham County Jail ("Jail"). He seeks damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights and names as defendants four employees of the Cheatham County Sheriff's Department.

By the order of referral, the Clerk was directed to send Plaintiff service packets for the defendants, which Plaintiff was to complete and return to the Clerk's Office within twenty days of receipt of the order. The service packets and accompanying memorandum and order were returned to the Court along with a letter from the Cheatham County Sheriff stating that Plaintiff had been released from the Jail on February 12, 2007. See Docket Entry No. 5. The letter provided the last known address for Plaintiff as 6700 Kentucky Ave., Nashville, TN 37012.

After receiving the letter from Defendant Holder, the Court directed the clerk to re-mail the February 21, 2007, Order, along with the service packets, to the address provided by Defendant Holder. See Order entered March 9, 2007 (Docket Entry No. 6). On March 16, 2007, the Orders entered February 12, 2007, and March 9, 2007, were returned as undeliverable. See Docket Entry No. 8. Plaintiff

has not contacted the Court to alert the Court of a new address and the Court has no other address for Plaintiff.

Plaintiff's failure to notify the Court of his new address upon his release from the Jail or to otherwise contact the Court indicates that he has apparently lost interest in prosecuting this action. Further proceedings by the Court would be futile since the Court does not have a correct address for Plaintiff and service upon Defendants will not occur without Plaintiff's submission of completed service packets. It is well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Accordingly, the Court recommends that this action be dismissed under Rule 41(b) of Federal Rules of Civil Procedure. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED without prejudice pursuant to Rule 41(b).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

*Juliet Griffin*

JULIET GRIFFIN
United States Magistrate Judge

2